CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* STROBLE.

Opinion delivered July 23, 1906.

1. MASTER AND SERVANT—SAFE APPLIANCES—INSTRUCTION.—Where an employee sued the railroad company for personal injuries received in being struck by a handcar with a defective brake, and there was evidence tending to prove that it was not negligence on the part of the master to use a handcar with a defective brake, an instruction which made the master's liability depend on whether the brake was defective was erroneous. (Page 70.)

2. INSTRUCTION—WHEN ERROR NOT NEUTRALIZED.—Error of the court in declaring the employment by the railroad company of a handcar with a defective brake to be negligence *per se* was not neutralized by a special finding of the jury that the permitting the use of the car under the circumstances was negligence. (Page 71.)

Appeal from Logan Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*E. B. Peirce* and *T. S. Buzbee,* for appellant.

The court erred in refusing to give instructions 6, 7 and 11, and in substituting therefor and giving its instruction No. 1. It withdraws from the jury the question whether or not the defendant, furnishing a car without a brake, or having a defective brake, complied with its duty to use ordinary care to provide its employees with reasonably safe appliances for the particular work in which they are at the time engaged. It is not sufficient to show a defect in the machinery, but it must also be shown that the machinery was not reasonably safe for the purposes for which it was used. 35 Ark. 602, 614; 46 Ark. 567; 60

Ark. 582; 4 Thomp. Neg. § 3986 *et seq.;* 20 Am. & Eng. Enc. Law, 76; 1 Labatt, M. & S. 86; 114 Fed. 463.

*Robert J. White,* for appellee.

McCULLOCH, J.   The plaintiff, Phillip Stroble, sues the railroad company to recover damages for personal injuries received while working for the company.   He recovered a judgment for $950 damages, and the defendant appealed.   The plaintiff was working for the railroad company as section hand, and at the time of the injury was engaged, with his co-laborers under direction of the section foreman, in trucking ties—that is, loading cross-ties upon handcars and hauling them a short distance across a trestle and unloading them.   The ties were piled upon the cars and pushed by the men down the track to the place where they were unloaded.   Two handcars were in use at the place, and the brake on one of them was so defective that it could not be used. The plaintiff was working with the sound car.   When the cars were partially loaded, a warning was given to the men that a train was approaching and they were told to hurry across the trestle.   Plaintiff and his companions (four or five) at the front car were pushing it across the trestle, and two of the hands were also on the car working the lever.   The plaintiff was pushing, but the speed of the car became so fast that he was left behind, and the car with the defective brake, following after them, struck him and knocked him off the trestle.   It is claimed, on the part of the plaintiff, that by reason of the defective brake the men or boys on the handcar were unable to check its speed and prevent running against the plaintiff.   Negligence on the part of the defendant is alleged in permitting the use of the handcar with the defective brake.   Evidence was introduced by the defendant tending to show that it was customary, in doing this kind of work, to use push cars without brakes or other appliances for stopping them or checking the speed, and that it was reasonably safe to use such cars for that work not equipped with brakes.   It is argued, therefore, that it was not negligence to permit the use of a handcar with a defective brake, as it was in that condition as serviceable and safe as a push car.

The court, over the defendant's objection, gave the following instruction:

"I. If there was a defective brake on defendant's handcar, and defendant knew of this defect, or in the exercise of due care ought to have known it, and by reason of such defective brake, if it existed, the plaintiff, while pursuing his duties as an employee of defendant, was knocked down and injured at a time when plaintiff was exercising due care for his own safety, you will find for the plaintiff."

This instruction, as applied to the proof in the case, was clearly erroneous. It made the plaintiff's right to recover depend solely upon the fact that he was injured by a defective brake on the handcar, and that the defendant knew of the defect, leaving out of consideration the evidence introduced by defendant tending to show that it was not negligent to use cars without brakes.

One of defendant's witnesses testified that it was customary to use push cars not equipped with levers or brakes in doing this kind of work, and that it was not necessary in that kind of work to use cars with brakes on them. He stated as a reason for this that in loading a car the ties were piled up on it so high that the lever and brake could not be reached by the men using it—that the men pushed it along and controlled it by hand. If these statements of the witnesses were true, it was not negligence on the part of the company to furnish to its servants for this work either push cars without brakes or a handcar with a defective brake. It is not necessarily negligence on the part of the master to permit the use of tools or machinery with defects therein. The master is only required to exercise ordinary care in supplying machinery, tools and appliances that are reasonably safe for the use intended. *Little Rock & F. S. Rd. Co.* v. *Duffey,* 35 Ark. 602; *St. Louis, I. M. & S. Ry. Co.* v. *Gaines,* 46 Ark. 567; 1 Labatt, Master and Serv. p. 86; 4 Thompson on Neg. §§ 3986, 3991. There being some evidence to sustain this contention, it should have been submitted to the jury, and not eliminated from the case by the above-quoted instruction. This error was emphasized by instruction number two given by the court, wherein the jury were told that the defendant was required to exercise due care to ascertain whether there was a defect in the brake or other appliance, etc.

The defendant requested the following instruction on this

phase of the case, which the court refused: "7.  If you find that a man of ordinary prudence in the conduct of his own business would have used said handcar in the condition in which it was, and for the purposes for which it was used, then defendant was not guilty of negligence in that regard." This instruction correctly stated the law as applicable to defendant's contention; and the testimony which had been introduced in support of it, and the same should have been given.  It was error to refuse it.

It is claimed that these errors were cured by the following interrogatory propounded by the court to the jury at the close of the argument, to which the jury, in the special verdict, made answer in the negative: "Was the authorizing or permitting the use of the car under the circumstances the exercise of due care on the part of defendant for the safety of its employees?"  This did not cure the error in the previous instruction. The jury were told in the previous instruction that the plaintiff was entitled to recover if there was a defective brake on the handcar which the defendant had knowledge of, or in the exercise of due care ought to have known of, and which caused the injury. In other words, it declared that knowingly permitting the use of a handcar with a defective brake was an act of culpable negligence.  The interrogatory just quoted left the jury free, after having thus been erroneously told that this constituted negligence on the part of the defendant, to say whether or not the defendant was exercising due care in permitting the use of the car by its servants.  It did not qualify the previous instruction at all, but left it in full force with the jury.

Counsel for appellee contends that, notwithstanding the fact that one of the witnesses testified that it was customary to use push cars without brakes in hauling ties, and that it is not necessary or practicable to make use of brakes in handling handcars loaded with ties, we should declare it to be negligence *per se* to use such cars without brakes in hauling ties across a trestle.  That was a question for the jury to determine from the evidence.  The court can not say that the use of the cars under such circumstances was necessarily negligent.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.

HILL, C. J., not participating.